10-4466-ag
Gao v. Holder

BIA
Page, IJ
A097 391 012

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of April, two thousand twelve.

PRESENT:
>
> RALPH K. WINTER,
> JOSEPH M. MCLAUGHLIN,
> REENA RAGGI,
> *Circuit Judges.*

_____

HUIJUAN GAO,
>        *Petitioner,*

        v.                                    10-4466-ag
                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:      Gary J. Yerman, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Jamie M. Dowd, Senior
                     Litigation Counsel; Sabatino F. Leo,
                     Trial Attorney, Office of
                     Immigration Litigation, U.S.
                     Department of Justice, Washington
                     D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Huijuan Gao, a native and citizen of China, seek review of the October 20, 2010 decision of the BIA affirming the September 16, 2008 decision of Immigration Judge ("IJ") Alan L. Page, denying Huijuan Gao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huijuan Gao*, No. A097 391 012 (B.I.A. Oct. 20, 2010), *aff'g* No. A097 391 012 (Immig. Ct. N.Y. City Sept. 16, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case, which we reference only to explain our decision to deny the petition for review.

Under the circumstances of this case, we review the IJ's decision, as supplemented by the BIA, for substantial evidence. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). Where, as here, the asylum application preceded passage of the REAL ID Act, an adverse credibility determination informing the challenged decision must be based on "specific, cogent" reasons that bear a "legitimate nexus" to the finding. *See Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 287 (2d Cir. 2009).

2

Substantial evidence supports the agency's adverse credibility determination. In finding the petitioner not credible, the agency reasonably found that there were inconsistencies in the record that went to the heart of the petitioner's claim. Specifically, the IJ detailed the discrepancies in the record as to when the petitioner's abortion occurred and the length of her pregnancy at the time of the abortion. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The IJ was not required to accept the petitioner's unconvincing explanation for these discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Additionally, the BIA correctly noted the absence of corroborating evidence to support the petitioner's claim that she had undergone a forced abortion in China. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

In addition, the agency reasonably relied in part on the petitioner's demeanor, which suggested that she was not being "forthright" and was answering questions in an "evasive" manner. *See Majidi*, 430 F.3d at 81 n.1. As we have noted, "[w]e can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony." *Li Hua Lin*, 453 F.3d at 109.

3

Indeed, the record supports the IJ's determination that the petitioner's demeanor became evasive when she was asked to explain the discrepancy between her conflicting accounts of when her abortion occurred, and how long she had been pregnant at the time of her abortion. *See id.*

Because the adverse credibility determination was supported by substantial evidence, the denial of asylum, withholding of removal, and CAT relief was not in error because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4